# UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 19 CR 832 |
| | ) | |
| | ) | Judge Sharon Johnson Coleman |
| JOHNEAK JOHNSON, | ) | |

## DEFENDANT'S MOTIONS IN LIMINE

NOW COMES Defendant, JOHNEAK JOHNSON, by and through his attorney, Nenye E. Uche of Uche P.C., and respectfully files the following motions in *limine*.

**I.  Motion to preclude 911 Calls.**

The government in their motion in *limine* requested that this court admit two 911 calls. The Defendant objects and instead requests that this court preclude both 911 calls for the following reasons.

**A. The first 911 call is irrelevant and prejudicial under FRE 401 and 403 since there was never any mention of a gun and since the first 911 call revolves around a domestic incident.**

In the present case, the first 911 call is irrelevant since it has no probative value to the firearms possession issue in the present case. For example, in the first 911 call, the caller states as follows:

"My mother's boyfriend is trying to put his hands on her, and she keeps asking him can he leave and he's refusing to leave. There's just a lot going on." Govt consolidated motion in *Limine* Para. 1, P.2.

1

Nowhere, during this first 911 call is there any mention of a firearm or Mr. Johnson being in possession of a firearm. Instead, the caller relays what is essentially an alleged domestic dispute in progress.

Initially, Mr. Johnson was charged with a domestic battery. (Defense exhibit 1). But that charge was not carried over to his superseding indictment by the Cook County State's Attorney's Office. (Defense exhibit 2). In fact, the Government chose to adopt this case from state court knowing full well that Mr. Johnson was not facing any domestic battery charges.

Beyond being irrelevant, the prejudicial effect of this testimony on a jury is staggering. It paints Mr. Johnson as a domestic abuser even though he is not currently charged as one.

Moreover, if admitted, the Defense will need to rebut the allegations in this first 911 call by cross-examining the 911 caller. This will essentially turn a firearm possession case into a domestic battery dispute even though Mr. Johnson is not facing any such domestic charges.

- **B. The second 911 call is irrelevant under FRE 401 and 403 since the mention of a gun as it pertained to a domestic incident is highly irrelevant and prejudicial in a firearms case where the government can attempt to prove possession of a firearm through multiple police officers.**

In the present case, the second 911 call is irrelevant since it has no probative value to the firearm possession issue in the present case.

For instance, the second 911 call states in relevant part:

"I just called a couple of minutes ago. I wanted to know how far you guys where? My mom's boyfriend just pulled out a gun on her…he pulled a gun on her…yes he has a gun on him and he pulled it on her, in front of us." Govt consolidated motion in *Limine* Para. 2, P.2.

Even though the caller alleges that Mr. Johnson had a gun, the statement centers around an ongoing alleged domestic incident. Thus, the statement is irrelevant because Mr. Johnson is not being charged with allegedly "pulling a gun" on his then girlfriend before the police officers arrived. Additionally, the Government has at their disposal, numerous police officers who can allegedly testify that they found a gun in Mr. Johnson's vehicle.

The prejudicial effect of allowing this statement is also apparent. The jury will get to hear that Mr. Johnson pointed a gun at his then girlfriend, turning him into a domestic abuser even though he is not charged as one. The likelihood of conviction if the jury hears this is extraordinarily high. (See example, United States v. Sargent, 98 F.3d 325 (7th Cir. 1996), finding that evidence of the defendant's prior assault conviction "was highly prejudicial" because evidence of the defendant "abusing" someone "could do much to alienate a jury" in a prosecution involving false statements around the sale of firearms).

Again, like the first call, if admitted, the Defense will need to rebut the allegations in the 911 call by cross examining the 911 caller. Again, this will essentially turn a firearm possession case into a domestic battery dispute even though Mr. Johnson is not facing such charges.

**C. The two 911 calls do not meet the hearsay exceptions of present sense impression and excited utterance because the defense contends that there is possible evidence that allegations made during both 911 calls may have been false.**

The present sense impression and the excited utterance doctrine should not apply if there is a possibility that the 911 caller may have been providing false information. Indeed, in the requirements of both exceptions, there is a fundamental assumption that the witnesses are not lying in the event of admitting evidence using both exceptions. This assumption is implicit in the present sense requirement that the "statement must describe an event or condition without calculated narration." FRCE 803(1). This assumption is also implicit in the excited utterance requirement that "the defendant makes the statement under the stress of the excitement caused by the startling event." FRCE 803(2).

It is the position of the Defense that both 911 calls relay potentially fabricated information due to a particular conversation that occurred, upon police arrival, between Mr. Johnson's then girlfriend and her minor son. Specifically, during the arrest of Mr. Johnson, his then girlfriend walks in view of the camera with her young minor son. She then proceeds to question the minor:

"What did he have, pull out on us?"

Minor: "A gun."

"What color was it?"

Minor: "Black"
(BWC X81324758-Ainalakis; T13 48:00-10).

The police officers then order Mr. Johnson's then girlfriend to leave with her minor. As she walks away, on camera, she turns to Mr. Johnson, points her finger at him and states:

"I told you not to play with me."
*Id.*

It is noteworthy, that during this entire exchange, neither Mr. Johnson's then girlfriend or her minor appear afraid. In fact, Mr. Johnson's then girlfriend engages her son, in what the defense maintains appears to be a staged back and forth.

This dialogue between Mr. Johnson's then girlfriend and her minor son is worrisome because if the possibility exists that she coached her son to lie in front of the police, then, it is also possible that the 911 caller was lying as to the events relayed in both 911 calls.

**II. This Court should bar any live testimony as it pertains to the proposed conversations the government is attempting to illicit from those 911 calls.**

This court should preclude the government from any attempts to elicit live testimony of the 911 calls and as to what transpired during the 911 calls. The Defense adopts the entirety of its argument as to the preclusion of the 911 calls and requests that this court bar live testimony pertaining to the 911 calls because such testimony will be irrelevant, prejudicial and hearsay.

**III. Motion to preclude statements, evidence or testimony of any alleged domestic battery incident involving the Defendant.**

In the present case, the police reports indicate that upon police arrival, one of the State's witnesses, Naomi Thompkins, identified Mr. Johnson "as the offender in a

domestic battery against her." (Defendant's Exhibit 1 p. 3).  Specifically, the police report states that Ms. Thompkins advised police officers that the Defendant "choked her about the neck area and brandished a blue steel hand gun while stating bitch I will kill you." (Defendant's Exhibit 1 p. 3).

This court should not only preclude these statements but should preclude any testimony or evidence from the prosecution as it relates to the alleged domestic violence incident involving Mr. Johnson.

First, like the 911 calls, statements, testimony, or evidence about alleged domestic violence from Mr. Johnson is not probative under FRE 401 to the current charges pertaining to the gun allegedly found in his car. Additionally, such testimony or evidence is highly prejudicial under FRE 403. Testimony or evidence of alleged domestic abuse will only distract and confuse the jury as the defense counsel would need to cross-examine the witnesses on those issues. Essentially, the opposing sides in this case, will be forced to have a trial within a trial for a domestic allegation that is not even being charged.

Beyond being distracting and confusing to the jury, such testimony or evidence will no doubt turn the jury against Mr. Johnson.  To be clear, the jury will perceive him to be a person of violent character and might ultimately be biased against Mr. Johnson's defense.

Moreover, admitting any statements relating to the alleged domestic abuse is hearsay. As previously discussed, it is the defense position that any testimony relating to the domestic incident does not qualify for an exception under the present sense or

excited utterance exceptions to the hearsay rule. As previously stated, it is the defense position that such statements lack the foundation for credibility because the defense believes that Ms. Thompkins is captured on video attempting to coach her son as to what was witnessed prior to police arrival.

**IV. Motion to preclude expert opinion that a person can touch and handle an object without leaving any latent fingerprints.**

The government has tendered expert opinion testimony of police officer Matthew Savage. Officer Savage is the expert who tested the gun in the instant case, for fingerprints. Officer Savage will testify that he did not find latent fingerprints on the gun. The defense has no objection to this testimony since it is based on scientific testing that meets the requirements of FRE 702.

However, the Government has indicated that they also plan to elicit opinion testimony from Mr. Savage "that a person can touch and handle an object without leaving any latent fingerprints." (Defendant's Exhibit 2).

The Defense objects to this opinion testimony because it is based on speculation and contradicts FRE 702 requirement that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." FRE 702(a). Additionally, this type of opinion evidence serves to prove a negative; a negative the jury could form on their own without the need for expert testimony.

**CONCLUSION**

For the reasons set forth above, the Defendant, Mr. Johneak Johnson, respectfully asks the Court to grant his motions in *limine*.

Respectfully submitted,

/s/ Nenye E. Uche

Nenye E. Uche
UCHE P.C.
314 N. Loomis St., Suite G2
Chicago, IL 60607
(312) 280-5341
nenye.uche@uchelitigation.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2021, I electronically filed DEFENDANT'S Motions in *Limine* with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Nenye E. Uche