IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 19-cr-00832-1 |
| ) | |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| JOHNEAK JOHNSON, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant Johneak Johnson is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Before the Court is his motion to dismiss the indictment on Second Amendment grounds in light of recent Supreme Court case *New York State Rifle & Pistol Ass'n., Inc. v. Bruen*, 142 S. Ct. 2111, 213 L. Ed. 2d 387 (2022). For the following reasons, the motion [169] is denied.

**Background**

Johnson's criminal record reflects multiple felony convictions under Illinois law, including multiple counts of possession of a controlled substance and burglary. At the time of the instant offense, Johnson was on supervised release based on his felony conviction for possession with intent to distribute crack cocaine.

The indictment states that in the early morning of April 28, 2019, Johnson engaged in a domestic dispute with his former girlfriend, Naomi Thompkins, at her home. Thompkins asked Johnson to leave but he refused, and as the altercation escalated, Thompkins' daughter, Caziah Walton, called 911 and reported, "[M]y mother's boyfriend is trying to put his hands on her, and she keeps asking him to leave and he's refusing to leave." *See* [34] at 2. Minutes later, Johnson pulled out a handgun and pointed it at Thompkins and her children. Walton went into another area of the

apartment and called 911 a second time, reporting that Johnson had "just pulled out a gun on [her mother] . . . in front of us," and that he was then "by his car." *Id.* When Chicago Police Department ("CPD") officers responded to the area, they saw Johnson loading items into the right rear passenger side door of a vehicle parked outside Thompkins' residence. After conducting a pat-down search of Johnson, officers recovered a handgun matching the description provided by Walton from the right rear passenger seat where Johnson had been seen loading items.

As a result, the government charged Johnson with being a felon-in-possession of a firearm under Section 922(g)(1). Johnson now moves to dismiss the indictment as unconstitutional in light of *Bruen*, 142 S. Ct. 2111.

**Legal Standard**

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Rule 12 authorizes defendants to challenge the lawfulness of a prosecution on purely legal, as opposed to factual, grounds. *See United States v. Coscia*, 866 F.3d 782, 790 (7th Cir. 2017) (considering defendant's contention that the indictment must be dismissed because the statute under which it is brought is unconstitutionally vague). A court may decide all questions of law raised in a motion to dismiss, including the constitutionality and interpretation of a federal statute. *See United States v. Sorich*, 523 F.3d 702, 706 (7th Cir. 2008).

**Discussion**

In *Bruen*, the Supreme Court established a framework for analyzing whether a challenged firearm regulation violates the Second Amendment. First, *Bruen* instructs courts to determine whether the Second Amendment's plain text covers an individual's conduct. If it does, the conduct is "presumptively protect[ed]," and the government bears the burden of demonstrating that the

challenged regulation "is consistent with the Nation's historical tradition of firearm regulation." *Id.* at 2129–30.

This Court recently issued opinions on identical § 922(g)(1) challenges that discussed this standard. See *United States of America v. Dionte Vaughns*, No. 22-CR-00636, 2023 WL 8258575 (N.D. Ill. Nov. 29, 2023) (Coleman, J.); *United States of America v. Tyriiq Washington*, No. 23-CR-00274, 2023 WL 8258654 (N.D. Ill. Nov. 29, 2023) (Coleman, J.); *United States of America v. Darrell Griffin*, No. 21-CR-00693, 2023 WL 8281564 (N.D. Ill. Nov. 30, 2023) (Coleman, J.) In each opinion, this Court held that that felons are included in "the people" protected by the Second Amendment. *Vaughns*, 2023 WL 8258575, at *4; *Washington*, 2023 WL 8258654, at *4; *Griffin*, 2023 WL 8281564, at *4. Furthermore, the Court held that the well-established record of British loyalist law supplies a sufficient historical tradition to support enforcement of Section 922(g)(1). *Vaughns*, 2023 WL 8258575, at * 8; *Washington*, 2023 WL 8258654, at *8; *Griffin*, 2023 WL 8281564, at *8. The Court adopts and incorporates the reasoning of those opinions.

Johnson's arguments are virtually identical to those made in opinions above. Thus, this Court stands on its prior rulings finding that Section 922(g)(1) is facially constitutional. Further, Johnson failed to raise an as-applied challenge to the felon-in-possession statute's constitutionality and, thus, has waived this argument. *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021). Therefore, the Court does not consider an as-applied challenge.

**Conclusion**

The felon-in-possession statute, 18 U.S.C. § 922(g)(1), does not violate the Second Amendment as applied to Johnson. Thus, the motion to dismiss is denied.

**IT IS SO ORDERED.**

Date: 5/17/2024  Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge